**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mark Cohn,

Plaintiff,

v.

Small Investments Limited Ltd., et al.,

Defendants.

No. CV-26-02940-PHX-KML

**ORDER**

Plaintiff Mark Cohn brings fraud claims against defendants "Small Investments Limited, Ltd." and Faith Clarke for allegedly luring him into a fake investment. (Doc. 1 at 5.) Neither defendant appeared in the action, so Cohn applied for entry of default. (Doc. 9.) "Entry of default often is a ministerial step to be performed by the clerk of court." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). But the clerk's office will not enter default when, as here, there are significant questions regarding the sufficiency of service. In that situation, the court decides whether to enter default. *See id.*

Cohn's application is denied because service was improper. The court further orders Cohn to file a statement explaining why his complaint should not be dismissed given the improper service and the insufficiency of his allegations to state a fraud claim.

## I. Service of Process

Cohn filed his complaint on April 29, 2026. (Doc. 1.) Small Investments is located in Ireland, and Clarke is in the United Kingdom. (Doc. 1 at 2.) Cohn filed a "Proof Service" attempting to establish both defendants were served the summons and complaint via

regular international mail service on May 21. (Doc. 7 at 1.) The proof of service states the mailing was done from an office in Chandler, Arizona, but also appears to state the mailing was done from Truckee, California. (Doc. 7 at 1.) Cohn says he is "aware that the served documents were actually received" by the defendants on or before June 5. (Doc. 7 at 2.)

Defendants did not appear, so on August 12, Cohn filed an application for entry of default (Doc. 9) and, the following month, a motion seeking a status update on that application (Doc. 14). One month after that, Cohn filed a second motion seeking a status update. (Doc. 16.) Those motions are now before the court.

Cohn's application for entry of default is denied because he has not properly served defendants. *Cf. Winplus N. Am., Inc. v. Scan Top Enterprise Co.*, No. CV 14-2012-RGK(MRWx), 2015 WL 13919469, at *3 (C.D. Cal. Dec. 7, 2015) ("Courts in the Ninth Circuit have consistently found that improper service of the complaint presents good cause to set aside entries of default.") (simplified).[1] Rule 4(h)(2) requires service on foreign corporations in the same manner as service on foreign individuals under Rule 4(f) "except personal delivery" unless Cohn obtained and filed a waiver of service, which he has not. Cohn's service on Small Investments and Clarke must therefore comport with Rule 4(f). But none of Rule 4(f)'s means of service authorizes Cohn's internationally mailed service here.

First, Rule 4(f)(1) allows service via international agreements like the Hague Convention on Service Abroad of Judicial Documents, to which Ireland and the United Kingdom are both signatories. *Status Table*, Hague Conf. on Priv. Int'l L., https://perma.cc/C99Q-JYZC (last visited Oct. 14, 2026). Although the Convention permits mail service if the receiving countries do, the Convention does not affirmatively authorize mail service and the Ninth Circuit has ruled that mail service is not service *by* the Hague Convention or Rule 4(f)(1). *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004).

Alternatively, Rule 4(f)(2)(A) permits service "in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general

[1] Principles guiding set-asides for entries of default under Rule 55(c) are plainly relevant to the decision to enter default in the first place.

jurisdiction." But this provision does not authorize mail service either; it is "limited to personal service." *Brockmeyer*, 383 F.3d at 806–08.

The only affirmative authorization for international mail service is Rule 4(f)(2)(C)(ii), permitting mail service "requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served[.]" Cohn has not shown compliance with these requirements. He has not stated that his mail service required a signed receipt or that the clerk of the court addressed and dispatched service. (Doc. 7.)

Lastly, Rule 4(f)(3) allows the court to direct any form of service that is "not prohibited by international agreement." Cohn failed to seek and obtain prior approval from this court before mailing, so Rule 4(f)(3) does not help him. *Brockmeyer*, 383 F.3d at 806.

In sum, Cohn did not serve Small Investments or Clarke through any means affirmatively authorized by Rule 4(f). The court therefore denies his application for entry of default. This case has been pending since April 2026 and no defendant has been properly served. Cohn must file a statement explaining why his complaint should not be dismissed due to the lack of service.

Cohn's motions for status updates are also denied. Local Rule 7.2(n) allows a party to file a notification after a motion has been pending for more than 180 days. Cohn shall not file future pleadings seeking status updates—and he must file such pleadings as notifications, not motions—unless the motion at issue has been pending for more than 180 days. Cohn is warned that the court will summarily strike future filings that fail to comply with Local Rule 7.2(n).

## II. Possible Dismissal for Failure to State a Claim

In addition to explaining why the complaint should not be dismissed on service grounds, Cohn must file a statement explaining why his complaint should not be dismissed because his allegations may be insufficient to state a claim of fraud. A court may dismiss a complaint that fails to state a claim before any defendant appears provided the court "give[s] notice of its intention to dismiss and afford[s] plaintiff[] an opportunity to at least submit a written memorandum in opposition to such motion." *Reed v. Lieurance*, 863 F.3d

1196, 1207 (9th Cir. 2017) (simplified).

Cohn's fraud allegations must satisfy Rule 9(b)'s heightened pleading standards by "identify[ing] the who, what, when, where, and how of the misconduct charged." *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (simplified). His complaint "must provide an account of the time, place, and specific content of the false representations . . . the identities of the parties to the misrepresentations . . . what is false or misleading about the purportedly fraudulent statement . . . [and] why the statements were false or misleading at the time they were made." *Id.* (simplified). At present, Cohn's complaint does not appear to plead these elements with sufficient specificity, lacking details as to the timing of the misrepresentations, how they were communicated, and other elements. (Doc. 1.)

Accordingly,

**IT IS ORDERED** Cohn's application for entry of default (Doc. 9) is **DENIED**.

**IT IS FURTHER ORDERED** Cohn's motions requesting status updates (Docs. 14, 16) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** no later than November 2, 2026, Cohn must file a statement of no more than ten pages explaining why the court should not dismiss this action for improper service and failure to state a claim.

Dated this 21st day of October, 2026.

Honorable Krissa M. Lanham
United States District Judge